```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/30/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BASECAP ANALYTICS INC.,

          Plaintiff,

      -against-

ROBERT AMENN,

          Defendant.

1:23-cv-09370-MKV

**ORDER AUTHORIZING**
**ALTERNATE SERVICE**

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of Plaintiff's October 27, 2023 letter motion requesting an Order authorizing Plaintiff to effect service on Defendant by email. [ECF No. 10].

Federal Rule of Civil Procedure 4(e) provides for service of process on an individual in the United States according to the laws of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Plaintiff does not cite to the New York Civil Practice Law and Rules ("CPLR") or any New York state cases in support of its request for alternate service.[1] Nor does Plaintiff outline exhaustive attempts to serve Defendant in accordance with state law. *See* CPLR § 308(5) (providing for alternate service "in such manner as the court . . . directs, if service is impracticable"); *Vargas v. DiPilato*, No. 21-CV-3884 (ER), 2023 WL 6520377, at *2 (S.D.N.Y. Oct. 5, 2023) (requiring a showing of impracticability to order alternate service); *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021) (to show traditional service is "impracticable" under the CPLR, a plaintiff "must make some showing that the other prescribed methods of service could not be made" (internal quotation marks omitted)). Moreover, Plaintiff waited until minutes before the Court-ordered deadline to seek leave for alternate service in connection with its own request for extraordinary relief.

---

[1] Plaintiff does not cite to any Washington state rules or decisions, either.

Where traditional service under the CPLR proves "impracticable," the Court may permit service by any other method that comports with constitutional due process protections by being "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Sirius XM*, 339 F.R.D. at 593 (internal quotation marks omitted) (quoting *F.T.C. v. PCCare247 Inc.*, No. 12-CV-07189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013)).  Service by email "comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. Pecon Software Ltd.*, No. 12 CIV. 7186 PAE, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013).

Considering the time-sensitive nature of Plaintiff's motion for emergency injunctive relief, and given that Defendant has obviously received prior email communications from Plaintiff about the matters in dispute, including the complaint, the Court finds that email service is reasonably calculated to provide Defendant with adequate notice of the pendency of this action and to afford Defendant the opportunity to present objections.  The Court authorizes Plaintiff to serve Defendant by email, to be followed by appropriate traditional service under the CPLR (*e.g.*, "nail and mail" service pursuant to CPLR § 308(4), or other provisions).

**SO ORDERED.**

**Date:  October 30, 2023**                                    _____
**         New York, NY**                                      **MARY KAY VYSKOCIL**
                                                               **United States District Judge**

2