UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BASECAP ANALYTICS INC.

                    Plaintiff,

      - against -

ROBERT K. AMENN

                    Defendants.
------------------------------------------------------------X

23-CV-9370 (MKV) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the remaining disputes concerning the forensic examination and protocol of Defendant's laptop:

1. Certification, Paragraph 1: The Court infers that Defendant's desire to strike "BaseCap clients" is because he may have performed work for clients on other devices. If that is so, there is no reason why he should certify something knowing that it is not correct. Plaintiff can explore the issue in discovery. Further, the remainder of the paragraph strikes the Court as sufficient.

2. Certification, Paragraph 2: During the hearing held on January 25, 2024, Defendant agreed to not tampering with or altering the Laptop as of January 25, 2024 forward. There is no basis to alter that language.

3. Certification, Paragraph 3: The Court agrees that the language should specify the Order at issue as set forth by Plaintiff.

4. Certification: Accordingly, the final certification language shall be as follows:

"I, Robert Amenn, hereby certify that the Laptop – that is the subject of the Forensic Protocol, [make/model and serial number] and that I have provided to Archer Hall for forensic examination – is the only device in my possession that I have used to perform work for BaseCap Analytics Inc. ('BaseCap') or store Confidential Information as defined in the Nondisclosure and Invention Assignment Agreement ('NDIAA') which I entered into with BaseCap in August 2019.

I further certify that I have not altered or tampered with the Laptop or Archer Hall equipment remotely or in any other manner, nor interfered with any of the steps detailed in the Stipulated Forensic Search Protocol, since January 25, 2024.

I also further certify that I have to the best of my ability and understanding followed the Court's Order dated October 26, 2023 (Dkt. 9) regarding the Laptop."

5. Protocol Section 6a: the language should be consistent with the language of the certification; accordingly, the language that Defendant seeks to strike should remain as is and not be stricken.

6. New Addition: Section 6e: The sentence that Defendant seeks to add may be included but modified as follows without the precatory "Since disputes" clause: "The Examiner will announce the general, high-level steps (e.g., 'preservation'; 'encryption'; 'review of installed applications'; 'decryption' of image; 'processing of image'; 'indexing'; and 'search and extraction') being taken at the beginning of those steps. The Examiner is not required to go into more detail.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 2, 2024
       New York, New York

The Court respectfully requests the Clerk of Court to mail a copy of this Order to the pro se litigant:

Robert K. Amenn
319 13th Street
Gold Bar, WA 98251